FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 2 7 2019  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
IN THE MATTER OF

ESTABLISHMENT INSPECTION OF:

M & V Iron Work Inc (and its successors)
116 Liberty Avenue
Brooklyn (Kings County), New York 11212
-----------------------------------------------------------

CV 19 - 1750

File No.

BLOCK, J.

SCANLON, M.J.

## EX-PARTE APPLICATION FOR INSPECTION WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

TO THE UNITED STATES DISTRICT COURT:

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, hereby applies *ex parte* for an inspection warrant pursuant to Section 8(a) of the Occupational Safety and Health Act of 1970, (29 U.S.C. § 651, *et seq.*), ("the Act"), and the regulations issued pursuant thereto (29 C.F.R. Part 1903), for the inspection and investigation of the workplace described in the caption above.

In support of this application, the Secretary of Labor states as follows:

1.      M & V Iron Work Inc ("M & V Iron") operates a metal work manufacturing business at 116 Liberty Avenue in Brooklyn, New York 11212.  The workplace consists of a garage converted into a metal shop.   M & V Iron is covered by the Act because it is engaged in a business affecting commerce within the meaning of Section 3(3) of the Act, 29 U.S.C. § 652(3).  It also employs employees at the workplace and is an "employer" within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5).

2.      On January 9, 2019, the Manhattan Area Office of the Occupational Safety and Health Administration ("OSHA") received a non-formal complaint alleging that an

employee had been seriously injured in an accident at the workplace on or about August 30, 2018. *See* Declaration of Janet Drogowski ("Drogowski Decl.") ¶ 3.

3.       On January 11, 2019, an OSHA compliance officer attempted to make entry to the workplace to initiate an inspection, but OSHA was denied entry by the employer. Drogowski Decl. ¶ 14-15.  On that same day, the OSHA compliance officer observed and photographed several hazards from the public sidewalk including an employee using an unguarded grinder and an exposed electrical panel.  *See* Declaration of Jorge Reyes Mendez ("Mendez Decl.") ¶ 4.

4.       OSHA compliance officers returned to the workplace on March 20, 2019, but were unable to inspect because the employer was not present.  That day, the compliance officers observed several hazards including an employee welding without wearing a respirator or face and eye protection. Mendez Decl. ¶ 9.

5.       OSHA compliance officers returned to the workplace on March 22, 2019 and attempted to inspect the workplace, but were again denied entry by the employer. Mendez Decl. ¶ 10.  The compliance officers observed the same employee welding without respiratory or personal protective equipment as they had on March 20. Mendez Decl. ¶ 11.

6.       In passing the Occupational Safety and Health Act, Congress "declare[d] it to be its purpose and policy . . . to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources." 29 U.S.C. § 651(b).  Among the ways that Congress implemented to achieve this purpose was to authorize the Secretary of Labor "to set mandatory occupational safety and health standards." 29 U.S.C. § 651(b)(3).

7.     In order to enforce the Act and the Secretary's health and safety standards, Section 8(a) of the Act gives the Secretary the authority to enter, inspect, and investigate places of employment, stating:

> In order to carry out the purposes of this Act, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized
>
> (1)     to enter **without delay** and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and
>
> (2)     to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials, therein, and to question privately any such employer, owner, operator, agent or employee.

29 U.S.C. § 657(a) (emphasis added).

8.     As the Second Circuit Court of Appeals has stated: "[t]o effectuate the strong congressional policy that every person employed in the United States be afforded a safe working environment, the Secretary of Labor, as statutory head of OSHA, was expressly granted the authority to enter and inspect workplaces for occupational hazards 'during regular working hours and at other reasonable times. . . .'" *Donovan v. Red Star Marine Services, Inc.*, 739 F. 2d 774, 780-81 (2d Cir. 1984) (quoting the Act).

9.     In *Marshall v. Barlow's Inc.*, 436 U.S. 307 (1978), the Supreme Court ruled that the Fourth Amendment requires warrants for objected-to inspections conducted pursuant to Section 8(a) of the Act.  Following *Camara v. Municipal Court*, 387 U.S. 523, 528-529 (1967) and *See v. City of Seattle*, 387 U.S. 541, 543 (1967), the Court held that this warrant requirement is necessary to "provide assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative

plan containing specific neutral criteria." (footnotes omitted). *Barlow's*, 436 U.S. at 323. The liberal probable cause test to be applied in administrative warrant applications was explained by the Court as follows:

> Whether the Secretary proceeds to secure a warrant or other process, with or without prior notice, his entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation, but also on a showing that "reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular (establishment)." *Camara v. Municipal Court, supra*, 387 U.S. at 538. A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources such as for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area, would protect an employer's Fourth Amendment rights (footnotes omitted). *Barlow's*, 436 U.S. at 321.

10.     Under the authority of Section 8(g)(2) of the Act to prescribe "regulations dealing with the inspection of an employer's establishment" the Secretary of Labor has promulgated 29 C.F.R. § 1903.4, authorizing OSHA to obtain compulsory process, including *ex parte* warrants, to conduct an inspection when faced with the refusal of the employer to permit OSHA to perform its duties. 29 U.S.C. § 657(a); *see also, Barlow's*, 436 U.S. at 307; *Donovan v. Red Star Services, Inc.*, 739 F.2d at 780-783; *Marshall v. Seaward International, Inc.*, 510 F.Supp. 314 (W.D. Va. 1980), *aff'd.*, 644 F.2d 880 (4th Cir. 1981); *Stoddard Lumber Co. Inc. v. Marshall*, 627 F.2d 984, 989 (9th Cir. 1980).

11.     The administrative probable cause standard for issuance of an OSHA inspection warrant may be met through *either* of two means, by showing either: "an administrative plan containing specific neutral criteria" that are satisfied with respect to the workplace to be inspected; or "specific evidence of a violation" at the workplace. *Martin*

4

*v. Int'l Matex Tank Terminals-Bayonne*, 928 F.2d 614, 622 (3d Cir. 1991) (citing *Barlow's*, 436 U.S. at 320). This either/or interpretation is widely accepted. *Id.* (collecting cases from other Circuits). Furthermore, the relaxed probable cause standard applies to both bases. *Id.* at 623-624.

12.     In this case, OSHA has probable cause to inspect this workplace because the inspection was initiated based on a non-formal complaint regarding a serious injury suffered by an employee at the workplace, wherein a metal beam fell on the employee's foot.   Inspection following an accident fits within an accident and fatality/referral investigation plan and is therefore part of a legislative or administrative plan. *Chicago Zoological Society v. Donovan*, 558 F.Supp. 1147 (N.D. Ill. 1983). In addition, probable cause exists here because the compliance officer observed several specific hazards during each of his three visits to the workplace. Mendez Decl. ¶¶ 4, 9, 11. The observed hazards include exposure to eye and face injuries from welding, serious injuries from working with unguarded grinders and exposure to electrical and chemical hazards.

13.     Under OSHA's administrative plan for enforcement of the Act, non-formal complaints are deemed the third highest level of inspection priority. Drogowski Decl. ¶ 7. The inspection and investigation here will be conducted by one or more employees of the Occupational Safety and Health Administration designated by the Secretary of Labor, United States Department of Labor, to be his authorized representative(s), pursuant to proper and reasonable administrative standards contained in regulations duly issued by the Secretary under authorization granted in the Act and found in 29 C.F.R. Part 1903.

14.     The inspection and investigation will be conducted during regular working hours and at other reasonable times, within reasonable limits, and in a reasonable manner.

The inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness, in accordance with Section 8(a) of the Act. Upon arrival to M & V Iron's workplace, the authorized representatives of the Occupational Safety and Health Administration will present their credentials to the employer. The Secretary requests that the U.S. Marshals Service be authorized to accompany the authorized representatives of the Occupational Safety and Health Administration to the establishment to assist in the enforcement of the inspection warrant.

15.   Pursuant to Section 8(c) of the Act, 29 C.F.R. § 1903.3, and the Court's instructions, the application in this case requests, in addition to the right to conduct an actual physical inspection of the workplace and private employee interviews, affirmation of the authority to "review records required by the Act and regulations...." *Barlow's*, 436 U.S. at 324, footnote 22.

16.   In conducting its inspection, the Act gives OSHA the express authority to privately interview employees at the employer's worksite during regular business hours. *Donovan v. Wollaston Alloys, Inc.*, 695 F.2d 1, 4 n.6 and 6 (1st Cir. 1982) (wherein the employer unlawfully obstructed OSHA's inspection by refusing to permit private employee interviews on its premises); *See also*, 29 C.F.R. § 1903.7(b) ("Compliance Safety and Health Officers shall have authority to . . . question privately any . . . employee").

17.   OSHA is also authorized to utilize employee sampling devices as part of reasonable inspection techniques. 29 C.F.R. § 1903.7(b) (1983); *Service Foundry Company, Inc. v. Donovan*, 721 F.2d 492 (5th Cir. 1984); *Donovan v. Enterprise Foundry, Inc.*, 751 F.2d 30 (1st Cir. 1984). Explicit authority to authorize the use of personal

sampling devices during inspections was published in the Federal Register, 47 F.R. 55478-81 Friday, December 10, 1982, amending 29 C.F.R. Part 1903.7 and was effective on January 10, 1983.

18.    After completion of the requested warrant inspection, a return will be made to the Court showing that the inspection ordered therein has been completed.


WHEREFORE, probable cause having been shown, the Secretary of Labor requests that the Court issue an inspection warrant to permit the inspection of this establishment and to permit the questioning privately—outside the presence of the employer or its agents or counsel—any employee of the establishment, at the location shown in the caption, under the Occupational Safety and Health Act of 1970 by representatives of the Secretary of Labor without delay.


DATED:        March 27, 2019                        Respectfully submitted,
              New York, NY

                                                    KATE S. O'SCANNLAIN
                                                    Solicitor of Labor

                                                    JEFFREY S. ROGOFF
                                                    Regional Solicitor

                                          BY:       _Susan Jacobs_
                                                    SUSAN B. JACOBS
                                                    Senior Trial Attorney

POST OFFICE ADDRESS:

Jeffrey S. Rogoff
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3664
Email: Jacobs.Susan@dol.gov, NY-SOL-ECF@dol.gov